UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GUILLERMO MARTINEZ,

                      Plaintiff,

      -against-

UNITED STATES OF AMERICA and YAZHOU
ZHANG, D.D.S.,

                      Defendants.
------------------------------------------------------------------------X

COMPLAINT AND
DEMAND FOR JURY
TRIAL

        Plaintiff, complaining of defendants, by and through his attorneys, the Law Office of Robert F. Danzi, alleges as follows:

### Jurisdiction

1.      This court has jurisdiction over this matter pursuant to 28 U.S.C. 1346(b) because it falls within the Federal Tort Claims Act.

### Parties

2.      Plaintiff, Guillermo Martinez, who resides at 556 West 160th Street, Apartment 10, New York, New York 10032, is an individual over the age of eighteen years.

3.      Upon information and belief, at all times herein, defendant, United States of America owned and operated a medical clinic known as Open Door Family Medical Center, Inc. having various locations including 5 Grace Church Street, Port Chester, New York 10573.

4.      Upon information and belief, at all times herein, defendant, United States of America employed Naida Henriquez, D.M.D. at the medical clinic known as Open Door Family Medical Center, Inc., 5 Grace Church Street, Port Chester, New York 10573.

5.      Upon information and belief, at all times herein, defendant, Yazhou Zhang, D.D.S., was and still is a dentist duly licensed to practice dentistry.

6. On December 6, 2019 plaintiff duly prepared, signed and filed a Notice of Claim with the United States Department of Health and Human Services, Office of the General Counsel, General Law Division, Claims and Employment Law Branch. On May 19, 2020 said claim was denied.

7. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) (1) and (2) because Open Door Family Medical Center, Inc. resides in the Southern District of New York, and the acts giving rise to the Complaint substantially occurred at the Port Chester premises of Open Door Family Medical Center, Inc., within the Southern District of New York.

### Facts

8. Upon information and belief, from April 2013 up to and including February 2018, defendant, United States of America, rendered medical and dental care and treatment to plaintiff, Guillermo Martinez.

9. Upon information and belief, from April 2013 up to and including February 2018, defendant, Naida Henriquez, D.M.D., rendered dental care and treatment to plaintiff, Guillermo Martinez.

10. Upon information and belief, on or about November 3, 2016, Yazhou Zhang, D.D.S., rendered dental care and treatment to plaintiff, Guillermo Martinez.

11. Upon information and belief, as set forth more fully herein, defendants, inter alia, negligently failed to prescribe antibiotics prophylactically to plaintiff, a heart valve recipient, prior to performing dental procedures resulting in severe and permanent injury, surgery, pain, suffering and other injuries.

## As and for a First Cause of Action

12. Defendant, United State of America is vicariously liable for the negligent acts and omissions of its employees, agents, and/or servants who rendered care and treatment to plaintiff at defendant's Open Door Family Medical Center, Inc. herein.

13. At all times herein, defendants rendered medical and dental care and treatment to plaintiff, Guillermo Martinez.

14. At all times herein, plaintiff received medical and dental care and treatment from the defendants, United State of America by Naida Henriquez, D.M.D. at its Open Door Family Medical Center, Inc., and Yazhou Zhang, D.D.S.

15. The defendants undertook to care for the plaintiff.

16. At all times herein mentioned, defendants owed their patients and in particular, plaintiff herein, the duty and standard of care which is normally exercised by such dentists and healthcare facilities and their employees, servants and agents that they are competent, skillful and careful, and acting in accordance with accepted standards, procedure and practices in the State of New York.  Specifically, but not by way of limitation and among other things, the defendants failed to prophylactically treat plaintiff prior to dental treatment.

17. Defendants breached their obligation to render appropriate medical and dental care and treatment to plaintiff herein.

18. Defendants, their agents, servants and/or employees were careless, negligent and committed malpractice in the medical and dental care and treatment rendered to plaintiff.

19. All of the above occurred through no fault or lack of care on the part of the plaintiff.

20. Solely and wholly as a result of the carelessness, negligence and malpractice of defendants, their agents, servants and/or employees, plaintiff sustained and suffered serious, severe and permanent personal injuries accompanied by conscious pain and anguish.

21. By reason of the foregoing, plaintiff sustained damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, together with the costs and disbursements of this action.

## As and for a Second Cause of Action

22. Defendants failed to inform plaintiff and/or his representatives of the risks, benefits, hazards and alternatives associated with the treatment rendered in connection with the dental and medical care, diagnosis and treatment rendered to plaintiff, so that an informed consent could be given.

23. A reasonably prudent person in the plaintiff's position would not have undergone the treatment rendered in connection with the dental and medical care, diagnosis and treatment of the plaintiff is he had been fully informed of the risks, benefits, hazards and alternatives connected with said treatment.

24. The failure to adequately and full inform plaintiff and/or his representatives of the risks, benefits, hazards and alternatives of the treatment rendered, is a proximate cause of the injuries plaintiff sustained.

25. As a consequence of the foregoing, there was no informed consent to the care rendered to plaintiff in connection with the dental and medical care, diagnosis and treatment rendered to plaintiff.

26. By reason of the foregoing, plaintiff sustained damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, together with the costs and disbursements of this action.

**Demand for Jury Trial**

27.     Plaintiff demands a trial by jury of all issues herein.

WHEREFORE, plaintiff respectfully demands judgment in the First Cause of Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, judgment in the Second Cause of Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, together with the costs and disbursements of the action, and such other and further relief as may be just and proper.

Dated: Jericho, New York
       November 12, 2020

                                                          Respectfully submitted,
                                                          LAW OFFICE OF ROBERT F. DANZI
                                                          Attorneys for Plaintiff

By:  *[signature]*
                                                          Christine Coscia, Esq.
                                                          Bar Roll # CC 4483
                                                          500 North Broadway, Suite 124
                                                          Jericho, New York 11753
                                                          (516) 228-4226

CASE NO.:
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GUILLERMO MARTINEZ,

                        Plaintiff,

- against -

UNITED STATES OF AMERICA and
YAZHOU ZHANG, D.D.S.,

                        Defendants.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Law Office of Robert F. Danzi
Attorneys for Plaintiff
500 North Broadway, Suite 124
Jericho, New York 11753
T: (516) 228-4226
F: (516) 228-6569